COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Michael Wayne Starnes v. The State of Texas

Appellate case number:    01-13-00280-CR

Trial court case number:  22566

Trial court:                      258th District Court of Polk County

The complete record has been filed in the above-referenced appeal. Appellant's appointed counsel, Tom Brown, has failed to timely file a brief on appellant's behalf. On May 17, 2013, the Clerk of the Court notified appellant that a brief had not yet been filed and required a response within 10 days. Appellant did not respond.

Before a court-appointed attorney may be relieved of his duties and replaced by other counsel, a finding of good cause must be entered on the record. TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2011). We therefore abate this appeal and remove it from this Court's active docket. We direct the trial court to conduct a hearing at which a representative of the Polk County District Attorney's Office and appellant's counsel Tom Brown shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court shall have a court reporter record the hearing. The trial court is directed to make appropriate findings on these issues:

(1) Inquire of counsel Tom Brown the reasons, if any, that he has failed to file a brief on appellant's behalf;
(2) determine whether good cause exists to relieve Tom Brown of his duties as appellant's counsel;
(3) if good cause exists, enter a written order relieving Tom Brown of his duties as

---

1    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

appellant's counsel, including in the order the basis for and finding of good cause, and appointing substitute appellate counsel at no expense to appellant;

(4) if good cause does not exist, set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d), 26.04(j)(2) (West Supp. 2011); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court **no later than 30 days from the date of this order**. Additionally, the trial court's findings and recommendations and any orders issued pursuant to the hearing shall be included in a supplemental clerk's record and filed in this Court **no later than 30 days from the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.**

It is so ORDERED.

Judge's signature: /s/ Rebeca Huddle
☑ Acting individually ☐ Acting for the Court

Date: June 6, 2013